# William H. Lyon, plaintiff in error, vs. Jeremiah Smith, defendant in error.

## *Error to Henry.*

A person who occasionally entertains travellers for pay, is not an Innkeeper, within
   the meaning of the law, and if property is intrusted to his care, by his guests, and
   it be lost, he is not responsible, as is a common Innkeeper.

This suit was originally instituted before a justice of the peace, by Lyon against Smith, and removed to the District Court of Henry by certiorari. At the September term 1842 the parties submitted the law and the facts to the court, Judge Mason presiding.

The plaintiff sought to recover the value of property lost at defendants house, which he, the plaintiff, contended was a public Inn. The evidence was that the plaintiff's son, went to the house of the defendant, in October 1840, during the sales of the public lands at Burlington, with two horses, saddles, and bridles; had his horses put up, and tarried all night as a guest, and that in the morning two bridles, valued at $6 and one saddle valued at $15 were lost and could not be found. Five witnesses were examined, all of whom had put up with defendant, and paid such bills as are usually paid at taverns in the country, but all the witnesses with the exception of Henry M. Snyder, had only staid with the defendant at the time of the different land sales in Burlington. Mr. Snyder, had at different other times stopped with defendant, and was always charged and also paid the usual bill charged by country taverns. Upon this statement of facts the court decided that the defendant was not an Innkeeper within the meaning of the law, and gave judgment against the plaintiff for costs.

The defendant below, on a writ of error from this court, seeks to reverse the judgment:

1. Because that the defendant was not an Innkeeper within the meaning of the law.

2. Because the court, upon the facts set out and contained in the record, gave judgment for the defendant.

GRIMES & STARR. for plaintiff in error:

Was the defendant an Innkeeper within the contemplation of the

law? In Thompson vs. Lacy, Barn. Ald. 283, the court of King's Bench gave the following definition of an Inn:

"I take the true definition of an Inn to be a house where the traveller is furnished with every thing which he has occasion for, whilst upon his way." And in the same case the court held that the rule extended to cases where the guest was not a traveller. It is not necessary that the keeper should have a license or a sign. Bacon's Ab., Tit. "Inn-keeper."

If the defendant was an Innkeeper he became liable for the articles deposited with him by plaintiff. York vs. Grindstone, 2 Ld. Raymond 866—Chute vs. Wiggins, 14 Johns. R. 175—2 Wend. R. 282.

He is chargeable on the ground of the profit which he receives for entertaining his guests, and this is the true criterion by which to determine the character of his house, 2 Kent's Com. 592.

M. Reno, for defendant in error:

An Inn may be defined to be a house kept open *publicly* for the entertainment of travellers and others paying a reasonable compensation for the accommodation which is professed to be given, Jones on Bailments p. 74, note 50. An Innkeeper is one who makes it his business to entertain travellers, &c., Bacon's Ab. "Inns and Innkeepers," B. A person who keeps a mere private boarding house, is in no just sense an Innkeeper. Story on Bailments, 311. It must be a common Inn and kept for travellers generally and not for a short season of the year. Story on Bailments, 310—Chitty on Con. 147—Kent's Comentaries, 594.

It is not sufficient to fasten the liability of an Innkeeper on an individual, that he occasionally permits persons to tarry with him over night for a compensation. It will not be contended that such a person would be liable for damages in refusing to admit travellers; if not, he is not in any just sense an Innkeeper within the meaning of the Common Law.

Per Curiam, Mason, Chief Justice.—Had the defendant not taken all the care of the property of the plaintiff, entrusted to his charge, which a prudent man would of his own, he would have been clearly liable, by virtue of the principles of law, applicable to that species of bailment. But it is sought to bring him within the class of Innkeepers, and thus render him responsible as an insurer of all the property of his guests, which may have been left in his keeping.

24

The court below decided that the facts proved, did not bring him within that class, and in that decision we think it was clearly correct. To render a person liable as a common Innkeeper, it is not sufficient to show that he occasionally entertains travellers. Most of the farmers in a new country do this, without supposing themselves answerable for the horses or other property of their guests, which may be stolen, or otherwise lost, without any fault of their own. Nor is such the rule in older countries, where it would operate with far less injustice, and be less opposed to good policy than with us. To be subjected to the same responsibilities attaching to Innkeepers, a person must make tavern keeping, to some extent, a regular business, a means of lively-hood. He should hold himself out to the world as an *Innkeeper*. It is not necessary that he should have a sign, or a license, provided that he has in any other manner authorized the general understanding that his was a public house, where strangers had a right to require accommodation. The person who occasionally entertaines others for a reasonable compensation is no more subject to the extraordinary responsibility of an Innkeeper than is he liable as a common carrier, who in certain special cases carries the property of others from one place to another for hire.

The only proof tending to charge the defendant in the present case, is, that he had entertained several individuals at his house over night and been paid a compensation for his care and attentions ; but there was no proof that he held himself out in any manner as a common Innkeeper, or that he was so regarded by the public.

The judgment below will therefore be affirmed.